IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHRISTOPHER COLE and
SHARON COLE, his wife,

        Plaintiffs,

v.                              CIVIL ACTION NO. 3:09-0569

SUNOCO CHEMICALS, INC., f/k/a
ARISTECH CHEMICAL CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Petition for Remand (doc. 8) of Plaintiffs Christopher and Sharon Cole. For the following reasons, the Court **DENIES** the petition.

**I. FACTS**

Plaintiffs' state court complaint, petition for remand and supporting memorandum lack specifics regarding the underlying facts of this case. Plaintiffs are a married couple and citizens of West Virginia. Defendant Sunoco Chemicals, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. On February 19, 2009, Mr. Cole was working as a relief operator at Defendant's plant in Neal, Wayne County, West Virginia, when Defendant intentionally exposed Plaintiff to a specific unsafe working condition.[1] Plaintiffs contend that as a result of this negligence, Mr. Cole "suffered severe and permanent injuries of an indefinite duration to his knee

---

[1] Oddly, none of the documents submitted by Plaintiffs, including their state court complaint, say what this specific unsafe working condition was.

and back." *Plaintiff's Memorandum in Support*, at p. 2. Mr. Cole now seeks damages for the following:

> a. serious personal injuries of a permanent and indefinite duration;
> b. pain and suffering, physical and mental, past, present and future;
> c. loss of enjoyment of life, past, present and future;
> d. loss of capacity to earn an income, and perform household and other related duties, past, present and future;
> e. past, present and future medical expenses of a sum which can be made certain;
> f. past, present and future medical expenses which are reasonably certain to occur; and
> g. annoyance, inconvenience, embarrassment and humiliation.

*Plaintiff's Complaint*, at p. 3. For her part, Mrs. Cole seeks damages for "past, present and future loss of consortium, services, society and companionship of her husband." *Id.*

## II. DISCUSSION

28 U.S.C. § 1332(a)(1) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a different state." Plaintiffs contend that Defendant's removal of this case to this Court is improper because their suit is not between citizens of different states and because Defendants have not demonstrated that the amount in controversy exceeds $75,000. For the reasons discussed below, these arguments are wholly devoid of merit.

**A. Diversity of Citizenship**

Plaintiffs are West Virginia citizens. Defendant is incorporated in Delaware and has its principal place of business. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. Thus, Defendant is a

citizen of Delaware and Pennsylvania only. Because Plaintiffs are West Virginia citizens, there is complete diversity between the parties.

**B. Amount in Controversy**

Plaintiffs' assertion that Defendant has not offered evidence that the amount in controversy exceeds $75,000 also lacks substance. Plaintiffs allege that Mr. Cole has suffered permanent and disabling injuries. In their settlement letter to Defendant, Plaintiffs claim that, over the course of Mr. Cole's lifetime, he will lose $751,578 due to lost earnings,[2] $139,921 due to lost fringe benefits, and $99,096 in lost household services. *See Defendant's Response*, Ex. B, at p. 7. Together, these figures total nearly one million dollars. Plaintiffs also claim $100,000 in damages for each of the following losses: permanent impairment; past, present and future pain and suffering; and past, present and future loss of enjoyment of life. *Id.* Each of these categories of damages, on its own, would exceed the jurisdictional minimum. Moreover, Mr. Cole has already incurred $45,536.86 in medical expenses by themselves. If he has suffered or will suffer even $30,000 more in damages, the jurisdictional minimum would be met. Given the substantial value Plaintiffs attach to Mr. Cole's claim alone, it is perhaps not surprising that they have refused to stipulate that their damages do not exceed $75,000. Any implication by Plaintiffs that there is no more than $75,000 at issue in this case is simply absurd. Their petition to remand should be denied.

---

[2]Elsewhere in their settlement letter, Plaintiffs claim that Mr. Cole has lost or will lose a total of $150,000 in wages. In any event, either figure easily satisfies the $75,000.01 threshold imposed by 28 U.S.C. § 1332(a).

### III. CONCLUSION

Pending before the Court is the Petition for Remand (doc. 8) of Plaintiffs Christopher and Sharon Cole. For the foregoing reasons, the Court **DENIES** the petition.


ENTER: July 8, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE